**SIGNED THIS: October 26, 2015**

_____

**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 15-71018 |
| JOHN C. BENANTI and | ) | |
| DEBRA M. BENANTI, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

## O P I N I O N

Before the Court are motions filed by West Central Bank ("WCB") seeking relief from the automatic stay, to compel abandonment of real estate and related rents by the Trustee, and for the sequestration of rents until the stay and abandonment issues are resolved. WCB claims that it has a perfected security interest in the rents generated from several properties owned by the Debtors and that it is entitled to all post-petition rents from those properties. The Trustee has

objected to WCB's motions, arguing that WCB has not taken all steps under state law to be entitled to possession of the rents. Because the rents are cash collateral and the Trustee has not offered adequate protection of WCB's interest in the rents, stay relief as to the rents will be granted and the Trustee will be ordered to abandon the real estate and the rents. The sequestration request will be moot upon the granting of the other relief.

## I. Factual and Procedural Background

John C. Benanti and Debra M. Benanti ("Debtors") filed their voluntary petition under Chapter 7 on June 29, 2015. On their Schedule A - Real Property, they disclosed ownership of a number of parcels of real estate, including one parcel described as their personal residence and ten parcels described as rental properties. On their Schedule D - Creditors Holding Secured Claims, they listed approximately $4.5 million in debts owed to various financial institutions including WCB related to their real estate holdings.

Relevant to the inquiry here, the Debtors disclosed ownership of the following properties in Springfield, Illinois: 3901 Pintail Drive, valued at $380,000; 3920 Pintail Drive, valued at $346,000; 3921 Pintail Drive, valued at $464,000; 3941 Pintail Drive, valued at $336,000; 3900 Wood Duck Drive, valued at $446,000; 3901 Wood Duck Drive, valued at $423,000; 3101 Greenhead Drive, valued at $448,000; and 3151 Greenhead Drive, valued at $217,000. The property at 3901 Pintail Drive was identified as being subject to two mortgages held by WCB in the amounts of $383,350 and $22,500. All of the other properties on

Pintail Drive, Wood Duck Drive, and Greenhead Drive were identified as being subject to a mortgage held by WCB in the amount of $3,284,000. On their Statement of Intention (Official Form 8), the Debtors stated an intent to surrender the properties subject to WCB mortgages to WCB.

WCB filed its motion seeking relief from the automatic stay as to all of the properties on Pintail Drive, Wood Duck Drive, and Greenhead Drive, claiming that there is no equity in the properties to be administered for the benefit of creditors. WCB sought stay relief as to both the properties and the rents generated from the properties. James Inghram, the Chapter 7 Trustee ("Trustee"), filed an objection to WCB's request for stay relief. The Trustee asserted that, although the documents presented by WCB evidenced recorded mortgages which included assignment of rent provisions as to all of the properties, WCB had not taken all steps required under state law to obtain the right to collect the rents. He claimed that until those steps were taken, he was entitled to collect post-petition rents free and clear of WCB's interest in such rents.

At an initial hearing on WCB's motion, the Trustee agreed that WCB was entitled to stay relief as to the properties but maintained his resistance to stay relief with respect to the rents. He also agreed that it would be prudent to allow WCB to cash the post-petition rent checks it had collected and to hold the rents in a segregated account pending further order of court.[1] An order was entered

---

[1] Both WCB and the Trustee have framed their dispute as involving only post-petition rents. WCB attached a list of rent checks it had received from tenants to its motion to compel abandonment. On that list, four checks are shown as dated prior to the June 29th filing date. The Trustee has not argued that any of the checks were received by the Debtors pre-petition and WCB asserts that all

accordingly. Further hearing was scheduled regarding the requested stay relief as to the rents. In the meantime, WCB filed motions to compel the Trustee to abandon the real estate and post-petition rents and to require sequestration of any rents collected by the Trustee pending a decision on the stay relief and abandonment issues. Those motions were set for hearing with the ongoing stay relief dispute.

At the continued hearing, the Trustee argued that, because WCB had not yet obtained a state court order authorizing WCB to collect the rents, he had a superior right to post-petition rents. WCB asserted that it had a valid, perfected security interest in all post-petition rents and that such rents were its cash collateral. WCB claimed that it was entitled to stay relief as to the rents and that the Trustee should be ordered to abandon the properties and the post-petition rents. The parties cited legal authority for their respective positions. The issues are ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-LR 4.1; 28 U.S.C. §157(a). Matters involving modification of the automatic stay and the use of cash collateral

---

of the checks were turned over to it by the Debtors post-petition. For purposes of the pending motions, this Court will assume that all rents in dispute are post-petition rents and the order entered on the motions will be expressly limited to post-petition rents.

are core proceedings. 28 U.S.C. §157(b)(2)(G), (M). The issues raised by the pending motions stem from the bankruptcy itself and arise specifically under the provisions of the Code and therefore may be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## III. Legal Analysis

WCB's legal arguments in support of its motions are straightforward and statutorily-based. No facts relied on by WCB are in dispute. The Debtors' properties involved in the disputes are all located in Illinois and WCB's notes and mortgages contain choice of law provisions stating that Illinois law will control disputes unless an issue is preempted by federal law. WCB's documents must therefore be construed under Illinois law. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000) (agreed choice of law provisions control if reasonable).

The Illinois Conveyances Act provides in part:

§31.5 Assignments of rents; perfection

(b) If an instrument assigning the interest of the assignor in rents arising from the real property described in the instrument is recorded, pursuant to this Act, in the county in which the real property is situated, then the interest of the assignee in those rents is perfected upon that recordation without the assignee taking any other affirmative action.

765 ILCS 5/31.5(b).

The Conveyances Act also provides that the recordation of an assignment of rents does not control who is entitled to collect the rents as between the

assignee and assignor. 765 ILCS 5/31.5(d). Further, an assignee allowing an assignor to collect the rents "does not affect the validity, enforceability, or priority" of the assignment. 765 ILCS 5/31.5(e).

The Trustee has not challenged the sufficiency of WCB's documents to create a security interest in the Debtors' rents. He also has not raised any issues regarding the recording of the documents. Because WCB's mortgages contain assignment of rent provisions and were properly recorded, it is undisputed that WCB has a valid, perfected security interest in the rents generated from the properties subject to its mortgages.

WCB's security interest in the rents, which was properly perfected before this case was filed, would generally extend to post-petition rents. 11 U.S.C. §552(b)(2). An exception exists if "based on the equities of the case" a court, after notice and hearing, "orders otherwise." *Id.* But the Trustee has suggested no equitable considerations that would support deviation from the general rule. Under the circumstances presented, WCB's security interest in the rents generated from the properties subject to its mortgages continues and is effective as to post-petition rents.

The rents generated from the Debtors' properties subject to the WCB mortgages are cash collateral. 11 U.S.C. §363(a). As such, the rents may be used by the Trustee only if WCB consents or after notice and a hearing where the Trustee would have the burden of establishing that the interest of WCB in the rents would be adequately protected notwithstanding his proposed use of such rents. 11 U.S.C. §§362(d)(1), 363(c), (d). WCB has not consented to the use of the

rents by the Trustee. The Trustee has not sought permission to use the cash collateral and has not offered adequate protection to WCB for any proposed use of the cash collateral. Under these circumstances, the Trustee is prohibited from using any rents derived post-petition from the Debtors' properties subject to the WCB mortgages.

Based on the above, WCB asserts that it is entitled to stay relief as to the rents. The fact that its interest in the rents would not be adequately protected if the Trustee took possession of and used the rents provides a basis for stay relief. 11 U.S.C. §362(d)(1). Further, the Trustee admitted at the initial hearing on the motion that the value of the properties subject to WCB's mortgages was less than the amounts owed against them and, accordingly, there was no equity in the properties even when the anticipated post-petition rents were considered as additional collateral. Because this is a Chapter 7 case and no reorganization is contemplated, that lack of equity provides another basis for stay relief. 11 U.S.C. §362(d)(2).

Likewise, WCB argues that the Trustee should be compelled to abandon the estate's interest in the post-petition rents in which WCB also has an interest. Because there is no equity in the properties or the rents generated by the properties, such assets should be abandoned because they are of "inconsequential value and benefit to the estate." 11 U.S.C. §554(b). The Trustee has acknowledged as much by consenting to stay relief as to the properties. Because the Trustee has no intention of administering the properties, WCB asserts that he should be compelled to abandon both the properties and the rents generated by the

properties.

Notwithstanding WCB's strong statutory arguments, the Trustee asserts that he remains entitled to post-petition rents until WCB obtains a state court order authorizing it to collect the rents on the properties subject to its mortgages. The Trustee relies on a line of Illinois cases holding that, as a matter of public policy, a mortgagee should be entitled to collect rents only after being placed in actual or constructive possession of the property generating the rents. *See Comerica Bank-Illinois v. Harris Bank Hinsdale,* 284 Ill. App. 3d 1030, 1033-34, 673 N.E.2d 380, 382-83 (1996); *De Kalb Bank v. Purdy*, 166 Ill. App. 3d 709, 715, 520 N.E.2d 957, 961 (1988) (injunctive order for sequestration of rents is sufficient to vest right to rents in mortgagee).

The Trustee also relies on *Bank of Edwardsville v. J.D. Monarch Dev. Co. (In re J.D. Monarch Dev. Co.),* 153 B.R. 829 (Bankr. S.D. Ill. 1993). *J.D. Monarch* involved a dispute over rents collected both during the pendency of a Chapter 11 case and after the case was converted to Chapter 7. *Id.* at 831. The *J.D. Monarch* court held that because the Bank of Edwardsville had not sought appointment of a state court receiver after it obtained relief from stay to foreclose on the property, the debtor-in-possession and the subsequently-appointed trustee were entitled to collect the rents generated by the property. *Id.* at 835. *J.D. Monarch* also held, however, that the rents collected during the case were the cash collateral of the bank and that the bank could have gained entitlement to the rents if it had asked for abandonment of the rents. *Id.* Because the bank had not asked for the proper relief, the trustee prevailed in the rent dispute. *Id.*

–8–

*J.D. Monarch* is distinguishable on the facts from the case here because WCB promptly requested both stay relief and abandonment of the rents. More importantly, however, less than a year after *J.D. Monarch* was decided, the Seventh Circuit Court of Appeals issued its decision in the *Matter of Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234 (7th Cir. 1994), which abrogated, at least in part, the holdings of *J.D. Monarch* relied on by the Trustee.

In *Wheaton Oaks*, the Seventh Circuit confirmed that post-petition rents are cash collateral and held that when an assignment of rents is contained in a properly recorded mortgage, the rights of the mortgagee in the rents are not avoidable by the use of a Chapter 7 trustee's strong arm powers. *Id.* at 1245. The Seventh Circuit concluded that the fact that the assignment of rents had not been enforced under state law before the bankruptcy filing did not "destroy the legal existence of an effective, enforceable security interest in those rents which came into being upon execution and was perfected by recordation." *Id.*

The Seventh Circuit found that its conclusions were supported by the provisions of §552 then in effect, which provided for the continuation of a security interest after a bankruptcy filing to the extent provided by the relevant security agreement and "nonbankruptcy law." *Id.* at 1243. Later in 1994, the *Wheaton Oaks* holding was bolstered by an amendment to the Code which added §552(b)(2) specifically providing for the post-petition continuation of a security interest in rents if such ongoing interest is provided for in the security agreement. 11 U.S.C. §552(b)(2); Bankruptcy Reform Act of 1994, §214(a) Pub. L. 103-394 (Oct. 22, 1994). Both *Wheaton Oaks*, which is controlling precedent here, and the

provisions of §552(b)(2) support WCB's claim that it has a valid, perfected security interest in the rents generated by the properties subject to its mortgages and that its secured interest in the rents is superior to any interest of the estate or the Trustee.

Although the Trustee has made no argument as to why *Wheaton Oaks* would not control the decision here, he asks the Court to consider other authority he claims supports his position. He cites to *First Am. Bank, SSB v. Randall Plaza Ctr. Assocs., L.P. (In re Randall Plaza Ctr. Assocs., L.P.)*, 326 B.R. 133 (Bankr. N.D. Ill. 2005), for the proposition that WCB has no identifiable security interest in any particular rents of the Debtors. But in *Randall Plaza*, the court found that a mortgagee who had filed a foreclosure action and obtained the appointment of a receiver pre-petition was entitled to collect the rents from property subject to its mortgage. *Id.* at 140-41. *Randall Plaza* does not discuss §552(b)(2) and provides no guidance about the rights of a debtor or a Chapter 7 trustee when a mortgagee has not obtained the relevant state court orders pre-petition. *Randall Plaza* provides no support to the Trustee's suggestion that this Court can ignore the clear holding of *Wheaton Oaks*.

The Trustee also relies on the recent decision in *In re Callas*, 2015 WL 1850260 (Bankr. N.D. Ill. Apr. 23, 2015), for the proposition that he has a superior interest in the Debtors' post-petition rents. But *Callas* is distinguishable because it involves a dispute over pre-petition rents collected before the bankruptcy filing. *Id.* at *8. And *Callas* specifically states that an assignment of rents contained in a properly recorded mortgage is sufficient to make post-petition

rents cash collateral even when the assignment has not previously been enforced under state law. *Id. Callas* provides no support to the Trustee.

The Trustee admits that he stands in the shoes of the Debtors and he claims that, absent a state court order to the contrary, the Debtors retained the right to collect rents from their properties after filing this case. Although that may be true, the Trustee fails to acknowledge that any rents collected by the Debtors would be subject to WCB's security interest and would be cash collateral. *Wheaton Oaks*, 27 F.3d at 1245; 11 U.S.C. §§363(a), 552(b). Under such circumstances, the Debtors could only use the post-petition rents with WCB's consent or upon court order after establishing that WCB's interest in the rents would be adequately protected. 11 U.S.C. §363(c)(2); *Wolf v. FirstMerit Bank, N.A.*, 535 B.R. 772, 776-77 (N.D. Ill. 2015). The Trustee's use of the post-petition rents is subject to the same conditions. WCB has not consented to the use of its cash collateral and the Trustee has neither provided nor offered to provide adequate protection for the use of the rents. Accordingly, the Trustee is not entitled to collect and use the rents from the Debtors' properties subject to WCB's assignment of rents.

## IV. Conclusion

Stay relief must be granted to WCB because its interest in the rents is not adequately protected. 11 U.S.C. §362(d)(1). Additionally, it is not disputed that the value of the properties and the rents combined does not exceed the amounts owed to WCB. Because there is no equity in WCB's collateral available to administer for the benefit of creditors and there is no intent by the Debtors to reorganize, stay

relief is appropriate. 11 U.S.C. §362(d)(2).

The Trustee must also be compelled to abandon the properties subject to the WCB mortgages and all rents received post-petition from those properties. Because he cannot use the rents for any purpose, the rents are of no value or benefit to the estate. 11 U.S.C. §554(b). Likewise, there is no equity in the properties and the Trustee has no intention of administering the properties. Accordingly, the properties are burdensome to the estate and of no benefit to the estate. *Id.*

Because WCB will be granted stay relief as to the rents and the Trustee will be compelled to abandon the properties and the rents, the request for sequestration of rents is moot. WCB has collected post-petition rents and held them in a separate account pending a decision on the stay relief and abandonment issues. WCB will now be able to apply the rents previously collected to its notes and collect all future rents free of any interest of the Trustee.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ###